# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 943 | **DATE** | 10/11/2002 |
| **CASE TITLE** | USA vs. EDNA CLEMONS & NEELY CLEMONS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, appointed counsel are relieved from their respective appointments in this case. Defendants are ordered to reimburse the fees and costs incurred thus far in this case under the CJA by their respective appointed counsel. Defendants are to retain counsel of their choice privately because defendants have the financial ability to do so. Privately retained counsel are directed to file their appearances by October 25, 2002. Status hearing is set for October 29, 2002 at 1:30pm.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 1 5 2002 | |
| | Notified counsel by telephone. | | date docketed | 13 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10/11/2002 | |
| | JS ✓ | courtroom deputy's initials | 02 OCT 11 PM 2:36 | date mailed notice |
| | | | JS | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) No.02 CR 943<br>)<br>)<br>EDNA CLEMONS and )<br>NEELY CLEMONS )<br>)<br>Defendants. ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Defendants Edna and Neely Clemons, wife and husband, were charged in this case on September 30, 2002 by the United States Attorney in a one count Criminal Information.

The Information charged that the defendants:

> [D]id knowingly and willfully obtain and attempt to obtain by fraud and materially false statements, funds and property provided by the United States Department of Education, that is, Pell Grant funds for Students A and B, totaling in excess of $150, by causing to be submitted Student Aid Reports in which defendants knowingly and falsely represented that their family earned an income and paid an amount in federal income tax which was much less than what in fact their family earned in income and paid in federal income taxes.
> In violation of Title 20, United States Code, Section 1097(a), and Title 18, United States Code, Section 2.

At the defendants' initial appearance and arraignment on October 8, 2002, each defendant sought appointment of counsel under the Criminal Justice Act ("CJA"), 18 USC § 3006A, and each submitted a financial affidavit in support of the request. Edna Clemons' financial affidavit indicates that she is employed by the Chicago Board of Education and has a monthly income of $3,542 from that employment. Neely Clemons' financial affidavit indicates that his monthly income with Ford Motor Co. is $3,331. They own their own home valued at $72,000, free and clear of any mortgage. They each own a motor vehicle. Edna Clemons owns a 1994 Ford Explorer valued at $3,400, and Neely Clemons owns a 1999 Toyota Camry valued at $8,500. The defendants' monthly joint income is $6,873. Deducting the $1,256 in monthly debt payments the defendants declared in their affidavits, they receive over $5,600 per month in joint income which they have available to them before taxes.

Based upon these facts, this court believes that defendants Edna and Neely Clemons do not qualify for appointed counsel whose fees and costs are paid under the CJA. The court finds that the income and assets of the defendants are sufficient to render each of the defendants financially able to obtain counsel, to pay for representation by privately retained legal counsel, and to pay for other services necessary for adequate legal representation in this case. See United States v. O'Neil, 118 F.3d 65 (2d Cir. 1997); United States v. Bauer, 956 F.2d 693 (7th Cir. 1992).

The purpose of appointing counsel in criminal cases is to insure that persons charged with crimes will have the advice of someone trained in the law, consistent with the mandate

of the Sixth Amendment to the United States Constitution. United States v. Meek, 388 F.2d 936 (7th Cir. 1968). The purpose of the CJA is to provide compensation at set hourly rates to the counsel who are appointed to represent persons accused of federal crimes when those accused persons could not otherwise afford counsel. These defendants can afford to be represented by the private counsel of their choice. They should not be represented by appointed counsel who are reimbursed under the CJA.

IT IS THEREFORE ORDERED THAT:

(1) Appointed counsel are relieved from their respective appointments under the CJA regarding the defendants in this case;

(2) The defendants are ordered to reimburse the fees and costs incurred thus far in this case under the CJA by their respective appointed counsel;

(3) Defendants are to retain counsel of their choice privately because the defendants have the financial ability to do so;

(4) Privately retained counsel are to file their appearances no later than October 25, 2002; and

(5) The case is set for report on status on October 29, 2002 at 1:30 p.m., defendants and their retained counsel are ordered to be present.

ENTER:

James F. Holderman
JAMES F. HOLDERMAN
United States District Judge

DATE: 10/11/02

3